IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRUCE LAMAR HILL,              )
                               )
          Plaintiff,           )
                               )
vs.                            )     Case Number: 2:10-cv-00597-KOB-JHE
                               )
JOE BINDER, *et al.*,          )
                               )
          Defendants.          )

**MEMORANDUM OF OPINION**

The magistrate judge filed a report on July 22, 2014, recommending granting of the defendants' renewed motions for summary judgment, (doc. 72 & 75), and dismissing the action with prejudice. (Doc. 82). The plaintiff filed objections to the report and recommendation on August 5, 2014. (Doc. 83). As explained below, the plaintiff's objections are without merit.

The plaintiff's first objection addresses the magistrate judge's finding that he failed to present evidence of "sadistic intent" on the part of defendant Binder. (Doc. 83 at. 1, 2, 5, ¶¶ 1, 6). Citing the magistrate judge's conclusion that he had failed to present any evidence that Officer Binder was aware of a prisoner grievance having been filed against him arising from a January 2010 incident, the plaintiff argues this finding "incorrectly presumes that the only means by which [the plaintiff] may prove sadistic intent is through the above discussed 'complaint.'" The plaintiff argues evidence of Binder's familiarity with his "jailhouse lawyer" activities provides sufficient grounds for a reasonable jury to infer the hip toss was in retaliation for those litigation activities.

This argument fails on two fronts. First, the plaintiff's assertion that Binder's familiarity

1

with his jailhouse lawyer activities was "no insignificant matter in Officer Binder's mind" is speculative and not supported by any reference to evidence in the record.  Although the incident giving rise to this lawsuit was, in part, precipitated by Binder's suggestion to another inmate that he use the plaintiff's jailhouse lawyer services, the plaintiff provides no specific evidence to suggest Binder resented the plaintiff's jailhouse lawyer activities.  Second, and more importantly, the magistrate judge correctly points out that the allegation that Binder resented his litigation activities, even if supported by evidence, does not relieve the plaintiff of his burden of establishing a question of material fact as to the force used being unnecessary and wanton under the *particular circumstances* that existed at the time. (Doc. 82 at 8).  Where an officer needs to apply force to regain control of a situation and to prevent further or escalating disruption, an officer's dislike for the inmate causing the disruption does not alone support an Eighth Amendment violation. Accordingly, even assuming Office Binder may have held some resentment toward the plaintiff's litigation activities, the record does not support a "reliable inference of wantonness" regarding the particular circumstances involved here. *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

Next, the plaintiff contends the report omits "substantial evidence" corroborating his assertion that he voluntarily complied with the order to stand up. (Doc. 83 at 3, ¶ 2).  This objection is puzzling because the magistrate judge, for purposes of the report, "assume[d] Plaintiff's version as true" as to that particular fact. (Doc. 82 at 4 n.5).  Additionally, this fact becomes immaterial when considering the undisputed evidence that the plaintiff continued to remain loud and boisterous until after the hip toss. (Doc. 74-3 at 8-12; doc. 74-6).

The plaintiff also contends the magistrate judge ignored evidence suggesting he did not attempt to "jerk away" from Binder prior to the hip toss maneuver. (Doc. 83 at 3, ¶ 3).  He cites a

2

portion of Officer Johnson's testimony, which makes no reference to him jerking away from Binder, (doc. 78-4 at 11), and he cites Captain Strickland's incident report, which fails to state specifically he attempted to jerk away. (Doc. 78-3 at 2). However, the plaintiff seems to have missed the fact the report and recommendation specifically states that this fact was disputed, (doc. 82 at 4 n.7), and never relies on it to support the ultimate recommendation (*id.* at 7, 9-10). The magistrate judge's recommendation was based on the undisputed testimony the plaintiff was being loud and disruptive as he left the infirmary, which created a security threat. (*See* doc. 82 at 4, 7, 9-10). Because undisputed testimony demonstrates other valid reasons for Binder's use of force, any narrowly defined issue regarding whether the plaintiff attempted to "jerk away" is immaterial.

The plaintiff next objects to the magistrate judge's finding that the medical records are devoid of evidence demonstrating major injury and contends the "body chart" document prepared after the event shows the plaintiff suffered a "bump" on his head. (Doc. 83 at 3-4, § 4). Even if such a description could be construed as a major injury, this fact alone would not be evidence of excessive force. An otherwise valid use of force by a correctional officer does not violate the Eighth Amendment merely because the prisoner suffered an unfortunate injury. *See Cockrell v. Sparks*, 510 F.3d 1307, 1311-12 (11th Cir. 2007). Furthermore, the magistrate judge correctly concluded no evidence shows the plaintiff is qualified to self-diagnose his injuries as being "permanent." (Doc. 82 at 5 n.8). In the face of other evidence demonstrating the need for force, the fact the plaintiff may have suffered a bump on his head is not dispositive of his Eighth Amendment claim.

Citing hearsay testimony from Warden Hetzel regarding Captain Strickland's statement suggesting the hip toss was not justified, the plaintiff objects to the portion of the magistrate judge's report finding it undisputed that the plaintiff disobeyed at least one of Binder's orders and that his

3

disruption had created a security threat. (Doc. 83 at 4-5, ¶ 5). This objection is without merit. The plaintiff fails to refute the testimony of Officer Johnson who confirmed that the plaintiff disobeyed an order to quiet down and that he was being verbally aggressive. (Doc. 78-4 at 21, 33, 35). Furthermore, Captain Strickland testified to the undisputed fact that the plaintiff was loud and had to be removed from the infirmary because he was creating a security hazard as he was being led out of the medical unit. (Doc. 12-2 at 1). The plaintiff not only fails to refute this testimony, but admits in his deposition an order to quiet down may have been given but that he "can't even recall" because he was "constantly telling the Captain to get him [Binder] the fuck away from me." (Doc. 78-1 at 31, 33).[1] Because maintaining security and order is a fundamental goal of a prison administration, physical force does not normally violate the Eighth Amendment when it is applied in a good-faith effort to maintain or restore discipline. *See Whitley*, 475 U.S. at 322.

The plaintiff further objects to the magistrate judge's finding that the amount of force used by Officer Binder was not unreasonable in relation to the need for force under the circumstances. (Doc. 83 at 5, ¶ 7). The plaintiff again relies on the initial incident report prepared by Captain Strickland indicating Strickland's opinion that the hip toss was not necessary. However, as the magistrate judge observed, Captain Strickland explained in his deposition that he recommended disciplinary action against Binder not because the use of force was unwarranted, but because the hip toss is not a technique in which Officer Binder had been trained. (Doc. 78-7 at 24). Captain Strickland confirms the use of force was appropriate in light of the plaintiff's disruptive behavior

---

[1] In his May 21, 2012 deposition, the plaintiff opined that Officer Binder did not have the authority to tell him to be quiet. (Doc. 74-1 at 18). Furthermore, the plaintiff acknowledged through counsel "that the verbal confrontation between Officer Binder and [him] became disruptive and Officer Binder removed [him] from the infirmary." (Doc. 78 at 8).

and the circumstances Binder faced. (*Id*. at 24, 27).

Additionally, the plaintiff points to the disciplinary action against Binder "for abusive or excessive force in dealing with inmates." (Doc. 12-1 at 2). However, no evidence shows that Warden Hetzel was an eye witness to the events made the basis of the plaintiff's claim, thereby rendering his statement inadmissible for purposes of creating a genuine issue of fact regarding the claim of excessive force.[2] More importantly, the magistrate judge correctly noted the disciplinary process instituted against Binder was based upon prison regulations, not on whether Binder violated the plaintiff's constitutional rights. (Doc. 82 at 8 n.12). Any administrative finding regarding a violation of prison rules is not binding on the court and irrelevant to the constitutional issues presented.

Addressing the third *Hudson* factor discussed in the report and recommendation, the plaintiff complains the magistrate judge relied "entirely on general findings, without consideration of the particular facts in this case." (Doc. 83 at 6-7, ¶ 8). He contends "evidence of the specific facts in this case demonstrates that no reasonable officer would have perceived [the plaintiff] as a threat." (*Id*.) This objection lacks merit. The record contains uncontested testimony the plaintiff was creating a disturbance that resulted in a threat to security. Captain Strickland testified the plaintiff was removed from the infirmary because he was "loud" and "acting out" creating a "security hazard" because of the possibility that other inmates could join in the disruption. (Doc. 12-2 at 1). Additionally, Officer Johnson testified the plaintiff was being verbally aggressive, (doc. 78-4 at 21, 35), and was using "threatening" language (doc. 74-6 at 4). Furthermore, these events occurred at

---

[2] For purposes of summary judgment, affidavits or declarations must be made on "personal knowledge." Fed. R. Civ. P. 56(c)(4).

a correctional facility with the highest security level in the state of Alabama and was described by Warden Hetzel as "one of the most serious and demanding places in the state." (Doc. 74-2). In light of these and other uncontested facts, the magistrate judge correctly concluded Officer Binder reasonably perceived a threat to institutional security that required his immediate response.

Regarding the fourth *Hudson* factor, which requires the court to examine the facts as they relate to the defendant's efforts to temper the response, the plaintiff objects to the magistrate judge's statement that "Binder's use of force ceased as soon as he gained control over the plaintiff." (Doc. 83 at 7-8, ¶ 9). The plaintiff contends the evidence shows that Officer Binder was always in "physical control" of him. (*Id.*) However, this assertion not only ignores the several other factors relied upon by the magistrate judge in reaching his conclusion, but also fails to include the entire statement as written in the report and recommendation, which recognized that Binder ceased any further use of force "as soon as he gained control over Plaintiff *and halted the disturbance*." (Doc. 82 at 11) (emphasis added). In *Fennell v. Gilstrap*, 559 F.3d 1212, 1218 (11th Cir. 2009), the Eleventh Circuit recognized that, where a prisoner is causing a disturbance, "our precedent permits the use of force even when a detainee is not physically resisting." *See also Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). As the magistrate judge points out, nothing in the record suggests Officer Binder continued to use force after the disruption ceased. (Doc. 82 at 11).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court finds that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The court **EXPRESSLY FINDS** no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' renewed

motions for summary judgment, (docs. 72 & 75), are **GRANTED** and this action is due to be

**DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered.

DONE this 3d day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE